DOTY, Plaintiff-Appellee, v. WEST, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5505.   Decided October 31, 1956.

L. Dennis Marlowe, Delaware, for plaintiff-appellee.
McLeskey & McLeskey, Columbus, for defendant-appellant.

(HUNSICKER, PJ, of the Ninth District; FESS and DEEDS, JJ, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law.

On August 26, 1950, Boyd P. Doty, herein called Doty, filed in the Common Pleas Court of Montgomery County an action to recover a real estate broker's commission. Doty claimed he was the procuring cause of a sale made by the owner, Robert West, herein called West, with whom Doty had entered into an oral contract to secure a purchaser for the property.

After the action was filed in Montgomery County and a praecipe for service upon West was issued the sheriff of that county made his return showing residence service upon West and, no answer or other pleading being filed, in due course a default judgment was entered against West. On December 6, 1950, the Montgomery County Common Pleas Court, after hearing, quashed the "pretended service of summons" upon West and vacated and held for naught the default judgment theretofore rendered against West.

Nothing further was done with respect to that action filed in Montgomery County until March 3, 1954, Doty voluntarily dismissed the action without prejudice.

In the meantime, to wit, on January 8, 1954, Doty filed an action in the Common Pleas Court of Franklin County and in due course service of summons was had upon West. We must note that this action was commenced nearly two months before the Montgomery County action was dismissed by Doty.

Mr. West, by way of answer, claimed a pending action against him between the same parties involving the same cause of action and denies the claims made by Doty for the broker's commission.

The trial court proceeded to try the issues to a jury. At the conclusion of all of the evidence each party moved for a directed verdict but counsel for West expressly reserved the right to submit the issues to a jury in the event his motion was overruled. The trial court then directed a verdict for the plaintiff-appellee, Boyd P. Doty, and Robert West then perfected an appeal to this Court.

We first must determine whether or not the action in Montgomery was a pending action of such nature as to prevent the prosecution of the action in Franklin County.

The courts in Ohio have not clearly defined a pending action; however, in the early case of **Joseph Bowry & Sons, et al, v. Odell & Brother, et al., 4 Oh St 623** at 627, the court said:

"A common-law action cannot be said to be pending before mesne process is issued * * *."

Under the statute §2305.17 R. C., commencement of an action is defined. See also "Actions," 1 O. Jur. 2nd, Section 309, et seq.

In the instant case there was, after the action of the trial court of Montgomery County, no praecipe for service of summons filed and the petition only was there lodged in the office of Clerk of Courts without further activity on the part of counsel for Doty. We believe an action is not pending until it is commenced as provided for by the statute.

On this feature of the case we hold that there was no action pending in Montgomery County as alleged by West in his first defense.

We next consider whether the evidence warranted the trial court in directing a verdict for the broker and thereafter entering the judgment herein for the amount prayed for in the petition.

We do not have cause to complain about the well established rule that permits a trial court to direct a verdict where reasonable minds can come to but one conclusion. In this case, however, after a careful survey of the bill of exceptions we find some very conflicting matters of evidence which in our judgment could not be resolved in the way in which the trial court concluded them.

There is no testimony respecting the terms of the oral agreement to permit Doty to sell the property. Was this agency contract an exclusive right to sell or an exclusive agency or what was it? No time limit as to the agency is fixed, and there is no provision testified to by anyone that would permit the broker to collect a commission from the seller after the agency had terminated.

There is testimony by West that he terminated the agency of Doty about December 15 by a letter written to Doty saying he was cancelling the Doty agency arrangement and employing one Truett, a real estate broker in the Village of Worthington. There is evidence that Truett put his sign on the property for Doty says he saw this sign. Was Doty still the agent after this action on the part of West and was Doty the agent when West sold the property in the early part of January after West claimed he wrote the letter of December 15 telling Doty he was taking the sale of the property out of the hands of Doty? The evidence on this point is in conflict for West testified one way on direct and another way on cross-examination.

These questions were all resolved by the trial judge in favor of Doty and in doing so he obviously weighed the evidence. In weighing the evidence, directing a verdict for Doty and thereafter entering judgment on the verdict such trial Court committed error prejudicial to the substantial rights of appellant West. We have examined all other claims of error and find none prejudicial to the rights of the appellant.

The judgment herein is reversed and the cause remanded to the Court of Common Pleas for further proceedings.

Judgment reversed and cause remanded.

FESS and DEEDS, JJ, concur.